**Judge W. BROOKS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 1525.**

United States District Court
W. D. North Carolina,
Charlotte Division

Feb. 15, 1961.

George W. Ferguson, Charlotte, N. C., for plaintiff.

John E. McDonald, Jr., Asst. U. S. Atty., Charlotte, N. C., for defendant.

WARLICK, District Judge.

This is an action instituted by the plaintiff, Judge W. Brooks, to recover for personal injuries alleged to have been sustained in an accident involving plaintiff as a pedestrian and a United States Government mail truck operated by Post Office employee Leroy Fulton Clippinger. The accident occurred at the intersection of East 36th Street and North Caldwell Street (now North Davidson Street), in the City of Charlotte, North Carolina, at approximately 7:20 p. m., September 5, 1959. Plaintiff alleged that negligence on the part of the Government employee through the operation of the mail truck was the cause of the accident and his consequent alleged injuries.

The United States, in its answer, denies all allegations of neglect and alleges that whatever injuries, if any, plaintiff sustained as a result of the accident were due to the plaintiff's own negligence.

Jurisdiction in this court arises under the Federal Tort Claims Act, Title 28 U.S.C. § 1346(b).

This case was tried by the Court without a jury on February 7, 1961. Both plaintiff and defendant offered evidence. From the testimony the Court makes the following findings of fact:

1. Leroy Fulton Clippinger, an employee of the United States Post Office Department, was operating a Government mail truck in the regular course of his duties in the collection of mail on the evening of September 5, 1959, at approximately 7:20 p. m., traveling west on East 36th Street, a four-lane thoroughfare. The mail truck stopped in the inside lane for the stop light at the intersection of East 36th Street and North Caldwell Street. Upon the traffic signal controlling traffic in this lane changing from red to green, the mail truck, with its left turn signal flashing, made a left turn onto North Caldwell Street, traveling at a slow rate of speed. Rain was falling at the time.

2. Plaintiff, by his own testimony, had been drinking alcoholic beverages prior to the accident but none after the accident and prior to his admission into the hospital. Both the admitting physician at Memorial Hospital and the investigating police officer testified that plaintiff was intoxicated at the time of entry into the hospital some several hours after the accident. From this it appears that the plaintiff was intoxicated at the time of the accident. While confined in the hospital plaintiff suffered from delirium tremens. The fact that plaintiff was intoxicated at the time of the accident is supported by testimony of the plaintiff himself to the extent that he states that at the time of the accident he was in the crosswalk between the southwest corner and the northwest corner of the intersection, whereas the testimony of the driver of the mail truck and a witness who saw the accident, Noble T. Blackerby, clearly demonstrates the mail truck did not in any way enter this crosswalk, but rather turned south onto North Caldwell Street.

From the testimony of Blackerby, who saw the accident, plaintiff walked into the left side of the mail truck while it was in the intersection, the impact taking place in the paths of intersecting lanes of traffic.

The evidence is that the mail truck was in good mechanical condition, equipped with proper brakes, and traveling at a safe speed. The driver had the mail truck under control, was keeping proper lookout for all reasonable traffic hazards, was giving proper signals for a lefthand turn, and did make a lawful lefthand turn without "cutting the corner."

█ Under the foregoing findings of fact the driver of the Government vehicle was clearly *not* at fault. The accident

was caused by the negligence of the plaintiff, who walked into the side of the Government vehicle.

The Court makes the following conclusions of law:

1. The Court has jurisdiction of the subject matter and of the parties. Title 28 U.S.C. § 1346(b).

2. There was no actionable negligence on the part of the Government of the United States or its employee.

The motorist making a proper turn at an intersection has the right to assume that a pedestrian will not walk into the side of his vehicle in the intersection in the path of intersecting lanes of traffic.

3. The injuries sustained by the plaintiff, if any, were caused by his own negligence.

4. The action of the plaintiff should be dismissed. Counsel will submit decree in line with these findings of fact and conclusions of law.